# ¡ATLAS TRANSFER COMPANY
## *v.*
# MODESTO ORTIZ, ETC.

San Juan, Law, No. 945.

ON MOTION FOR NEW TRIAL.

New Trial—New Evidence.

　　1. It is not the production of a new witness as to facts already testified to, but the production of new facts which have not been testified to, that is the ground for granting a new trial from newly discovered evidence.

Confusion of Jury—Preponderance of Evidence.

　　2. The court will not entertain evidence of what occurred in the jury room, except as to matters violating the juror's oath. Affidavit that jurors misunderstood a material fact is another way of saying that the plaintiff did not clearly make out his case, and such affidavit will not be considered by the court.

Opinion filed December 24, 1913.

*Mr. Joseph Anderson, Jr.,* for plaintiff.

*Mr. Hugh R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

　　This matter comes up upon a motion for a new trial on two grounds. One is the discovery of new evidence, and the

other is confusion in the minds of the jury as to a material fact in the case.

1. The first seems to be the evidence of a lady, Mrs. Christiansen, who testifies as to seeing the collision, and as to some other facts. This is not satisfactory at all to the court upon this motion. It shows not so much the discovery of new evidence as of a new witness,—possibly a good witness,—but still simply a new witness on a point as to which four or five or more witnesses have already testified.

As I understand the rule as to new trials on the ground of newly discovered evidence, it is that some new fact has to be discovered, not some new witness as to a fact already in evidence. Any other rule would open almost every case. So the affidavit cannot be considered by the court on this motion, or, at all events, it does not induce the court to grant the motion.

2. The second ground is confusion in the minds of the jury as to a material fact. There is a difference of decisions as to what can be done in regard to what passes in the jury room, but I am well satisfied the best-considered opinion is that nothing can be considered by the court as to what goes on in the jury room except some violation of the jurors' oaths, fraud, influence from the outside, or something of that kind. As to how they looked at a particular fact when the evidence was all before them, I do not think should be interfered with by the court; and I think I can lay down the rule that I will not entertain any evidence as to what goes on in the jury room, subject to exceptions that may occur in some particular matters, and except when it refers to some improper influence on the jury, or some improper or fraudulent action by a juror, or something of that nature. If any other rule were adopted,

Atlas Transfer Co. v. Ortiz.

I would have, certainly in a majority of cases, three trials of a case. I do not say that these two men who have made affidavits are not men of high standing, because I think they are; but on almost any jury there may be some who misunderstand a material fact, and are willing to make an affidavit to that effect. In a large number of cases I am satisfied that such affidavits could be presented as ground for a new trial; if that is granted and we have a new trial, the same question of misunderstanding something will arise again, and there would be no finality to jury trials. Furthermore, the practice would be bad for this reason also,—it would make the court the ultimate judge of the facts of a case. The court would have to determine what the jurors were discussing in the jury room, and, as the jurors are confined to the facts, that would ultimately make the court the arbiter in the jury room. The court is not willing to go into that practice.

In this particular case I do not say whether the decision was correct or not,—simply that that is beyond my province. Supposing, for the sake of argument, that there was confusion, whose fault was it? It would mean that the plaintiff had not proved his case by a preponderance of evidence. It would mean that the plaintiff had not produced evidence enough to convince the jury, and the confusion must be visited upon the plaintiff, if there is any confusion at all. So in this particular case, apart from the general principles just mentioned, I would not be inclined to interfere. The plaintiff lost the case because he did not produce his evidence in such form that it was convincing to the jury.

On the whole, therefore, I shall have to refuse the motion for a new trial.